**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOEY OLIVER, #210352,

    Plaintiff,

v.

HUGH WOLFENBARGER, CORRECTIONAL MEDICAL SERVICES, CAROLYNN DUBUC, LARRY NUNNERY, J. SCOTT, MS. LEWIS, KLIMOWICZ, and JOHN DOE,

    Defendants.

_____/

Case No. 07-12672

Hon. Marianne O. Battani

Magistrate Judge Virginia M. Morgan

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Virginia M. Morgan's Report and Recommendation dated July 30, 2008, and the parties' objections (Doc. Nos. 50, 54). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **REJECTS** the objections

**I. INTRODUCTION**

Joey Oliver, a prisoner housed in a Michigan Department of Corrections facility, filed this action against Defendants, alleging violations of his rights under the United States Constitution. The case was referred to Magistrate Virginia M. Morgan for all pretrial proceedings. See 28 U.S.C. § 636(b)(1). Defendants filed a Motion to Dismiss, and in her Report and Recommendation ("R&R"), Magistrate Judge Morgan recommended that the

motion be granted in part and denied in part. See Doc. No. 49. Specifically, she recommended that the Court dismiss the claims against Wolfenbarger, Nunnery, Scott, and Klimowicz in their official capacities because of Eleventh Amendment immunity; that the retaliation claims against Wolfenbarger, Scott, Lewis, and Klimowicz in their individual capacities be dismissed because Oliver failed to state a claim upon which relief can be granted; that the Court dismiss Plaintiff's request for transfer as moot; that the Court allow the retaliation claim against Nunnery6 in his individual capacity to proceed; that the court allow the claims of deliberate indifference to proceed against Wolfenbarger, Nunnery, Scott, Lewis, and Klimowicz in their individual capacities, however preclude recovery for mental or emotional injuries on the claims because Plaintiff did not suffer a physical injury. .

Defendants timely filed objections. Plaintiff sought additional time in which to respond to the R&R, which the Court granted. The Court addresses the objections below.

## II.     STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

## III.  ANALYSIS

Defendants maintain that the Eight Amendment claim should be dismissed because Plaintiff merely protests the Defendants' failure to provide him with a "state certified interpreter: for the TTY machine." Defs.' Objections tot he Magistrate Judge's Report and Recommendation at 1. In their Motion to Dismiss, Defendants argued Plaintiff was not

denied medical care and his alleged injury was *de minimis*.

Contrary to Defendants' assertions, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs as a handicapped inmate. Compl. , ¶ 22. Defendants read Plaintiff's allegations narrowly and conclude he merely complains that Defendants did not provide him with an interpreter. The Court declines to adopt Defendants' interpretation at this stage of the proceedings. Plaintiff alleges that Defendants failed to treat his hearing impairments. See Compl., ¶ 22, Doc. No. 25 at 13-19.

In Plaintiff's objections, he does not dispute the recommendation. Oliver first informs the Court that although he did not include a reference to the American With Disabilities Act in his Preliminary Statement, he did intend to bring a claim. The Court has reviewed his Complaint as well as his response to Defendants' request for dismissal. He requests leave to file an amended Complaint. The Court will allow Plaintiff to amend to add a claim under the ADA. The amended complaint must be filed on or before November 7, 2008. The other matters raised by Plaintiff do not challenge the recommendations.

the Americans with Disabilities Act of 1990, § 12131-- § 12165 ("Title II of the ADA")).

## IV. CONCLUSION

In sum, the Court finds that the reasoning in the Report and Recommendation is sound. It is supported by the allegations advanced and relevant case law. Accordingly, the Court finds the parties' objections lacking in merit.

Accordingly, the Court **ADOPTS** the Report and Recommendation. Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The Court hereby **DISMISSES** the claims against Wolfenbarger, Nunnery, Scott, and Klimowicz in their official

capacities; **DISMISSES** the retaliation claims against **Wolfenbarger, Scott, Lewis , and Klimowicz**, for failure to state a claim. The Court **DENIES** Defendants' request for dismissal of the retaliation claim against Nunnery in his individual capacity, as well as the claims of deliberate indifference against Wolfenbarger, Nunnery, Scott, Lewis, and Klimowicz; but Plaintiff may not recover damages for mental or emotional injuries on those claims. The Court **DISMISSES** Plaintiffs' request for transfer as moot. **DISMISSED**, Defendant's request for dismissal of claims for money damages under the ADA in her official capacity are **DENIED**. Plaintiff's claims for monetary damages under § 1983 against Butler in her official capacity are **DISMISSED**. Defendant's request for dismissal on the ground of qualified immunity is **DENIED**. Defendant's request for dismissal of Plaintiff's Fourteenth Amendment equal protection claims is **DENIED**. Defendant's request for dismissal of Plaintiff's request for injunctive relief regarding the issuance of key locks is **GRANTED**. Defendants' request for dismissal of Plaintiff's remaining claims for injunctive relief is **DENIED**.

    **IT IS SO ORDERED.**

                                                         s/Marianne O. Battani
                                                           MARIANNE O. BATTANI
                                                     UNITED STATES DISTRICT JUDGE

DATE: September 24, 2008

CERTIFICATE OF SERVICE

      Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

                                             s/Bernadette M. Thebolt
                                              Deputy Clerk