# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOEY OLIVER, #210352,

                Plaintiff,

v.

HUGH WOLFENBARGER,
CORRECTIONAL MEDICAL
SERVICES, CAROLYNN DUBUC,
LARRY NUNNERY, J. SCOTT, MS.
LEWIS, KLIMOWICZ, and JOHN
DOE,

                Defendants.

_____/

Case No. 07-12672

Hon. Marianne O. Battani

Magistrate Judge Virginia M. Morgan

## AMENDED OPINION AND ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Virginia M. Morgan's Report and Recommendation dated July 30, 2008, and the parties' objections (Doc. Nos. 50, 54). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation.

## I. INTRODUCTION

Plaintiff, Joey Oliver, a prisoner housed in a Michigan Department of Corrections (MDOC) facility. He filed this action against several individuals employed by the MDOC Defendants as well as medical providers, alleging violations of his rights under the United States Constitution. The case was referred to Magistrate Virginia M. Morgan for all pretrial proceedings. See 28 U.S.C. § 636(b)(1).

Defendants Wolfenbarger, Nunnery, Scott, Lewis, and Klimowicz filed a Motion to

Dismiss, and in her Report and Recommendation ("R&R"), Magistrate Judge Morgan recommended that the motion be granted in part and denied in part. See Doc. No. 49. Specifically, she recommended that the Court dismiss the claims against Wolfenbarger, Nunnery, Scott, and Klimowicz[1] in their official capacities because of Eleventh Amendment immunity; that the Court dismiss the retaliation claims against Wolfenbarger, Scott, Lewis, and Klimowicz in their individual capacities because Oliver failed to state a claim upon which relief can be granted; and that the Court dismiss Plaintiff's request for transfer as moot. Magistrate Judge Morgan further recommends that the Court allow the retaliation claim against Nunnery in his individual capacity to proceed; and that the Court allow the claims of deliberate indifference to proceed against Wolfenbarger, Nunnery, Scott, Lewis, and Klimowicz in their individual capacities, but preclude recovery for mental or emotional injuries on the claims because Plaintiff did not suffer a physical injury.

Defendants timely filed objections. Plaintiff sought additional time in which to respond to the R&R, which the Court granted. The Court has received Plaintiff's objection and addresses the merits raised by each party below.

## II.    STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

[1]Although Oliver indicates he is proceeding against Lewis in her individual capacity, see Compl., ¶ 9, on page 2 of his Complaint he indicates he is suing her in both her individual and official capacities. Lewis is entitled to Eleventh Amendment immunity for a claim against her in her official capacity.

2

## III. ANALYSIS

Defendants maintain that Oliver's Eight Amendment claim should be dismissed because he merely protests the Defendants' failure to provide him with a "state certified interpreter for the TTY machine." Defs.' Objections to the Magistrate Judge's Report and Recommendation at 1. The Court disagrees.

On its face, Plaintiff's claim is not limited to the degree suggested by Defendants. Contrary to Defendants' assertions, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs as a handicapped inmate. Compl. at ¶ 22. In their Motion to Dismiss, Defendants themselves argued Plaintiff was not denied medical care and his alleged injury was *de minimis*. This narrow reading now advanced by Defendants, that Plaintiff merely complains that Defendants did not provide him with an interpreter, stands in contrast not only to their motion, but also to the complaint, and the documents filed in support thereof. See Compl., ¶¶ 15, 19, 22, 23, Grievances dated 1/20/05, 2/21/05, Doc. No. 25, Plaintiff's Response at 13-19. The Court declines to adopt Defendants' interpretation at this stage of the proceedings, and the Court rejects the objections.

Plaintiff does not challenge the recommendation in his objection, and there is no basis for rejecting the R&R based on his pleading. Instead, Oliver informs the Court that although he did not include a reference to the Americans with Disabilities Act of 1990, § 12131-- § 12165 (" the ADA") in his Preliminary Statement, he did intend to bring a claim. He requests leave to file an amended complaint.

The Court has reviewed his Complaint as well as his response to Defendants' request for dismissal. Plaintiff mentions the ADA in both and the pleadings support Plaintiff's assertion that it was his intent to proceed with such a claim. The Court will allow

Plaintiff to amend to add a claim under the ADA. The amended complaint must be filed on or before **November 7, 2008**.

## IV. CONCLUSION

In sum, the Court finds that the reasoning in the Report and Recommendation is sound. It is supported by the allegations advanced and relevant case law. Accordingly, the Court finds the parties' objections lacking in merit.

Therefore, the Court **ADOPTS** the Report and Recommendation. Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The Court hereby **DISMISSES** the claims against Wolfenbarger, Nunnery, Scott, and Klimowicz in their official capacities; **DISMISSES** the retaliation claims against Wolfenbarger, Scott, Lewis, and Klimowicz in their individual capacities for failure to state a claim. The Court **DENIES** Defendants' request for dismissal of the retaliation claim against Nunnery in his individual capacity, as well as the claims of deliberate indifference against Wolfenbarger, Nunnery, Scott, Lewis, and Klimowicz, but Plaintiff may not recover damages for mental or emotional injuries on the deliberate indifference claims. The Court **DISMISSES** Plaintiffs' request for transfer as moot.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend to add a claim under the ADA is **GRANTED**. Plaintiff may file an amended complaint on or before **November 7, 2008**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: September 24, 2008

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Deputy Clerk