UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY OLIVER, #210352,

    Plaintiff,

v.

HUGH WOLFENBARGER, CORRECTIONAL MEDICAL SERVICES, CAROLYNN DUBUC, LARRY NUNNERY, J. SCOTT, MS. LEWIS, KLIMOWICZ, and JOHN DOE,

    Defendants.

_____/

Case No. 07-12672

Hon. Marianne O. Battani

Magistrate Judge Virginia M. Morgan

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DISMISSING REMAINING DEFENDANTS**

Plaintiff, Joey Oliver, is an inmate housed in a Michigan Department of Corrections ("MDOC") facility. In his amended complaint, he alleges Defendants violated his rights under the United States Constitution and violated the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq. Defendants Wolfenbarger, Nunnery, Scott, Lewis, and Klimowicz filed a Motion for Summary Judgment.

The matter was referred to Magistrate Judge Virginia M. Morgan for all pretrial proceedings. After Plaintiff filed an amended complaint, Defendants filed their dispositive motion.

1

In a Report and Recommendation dated October 29, 2009, Magistrate Judge Morgan recommended that the Court grant the motion. In addition, the Magistrate Judge recommended that the Court dismiss any claims against the John Doe defendants because Plaintiff was not granted leave to add new parties, and also to dismiss the claims advanced against DuBuc, who has never been served. The Magistrate Judge informed the parties that objections to the R&R must be filed within ten days of service and that a party's failure to file objections would waive any further right of appeal. See R&R at 16; 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).

On November 13, 2009, Oliver filed a pleading asking the Court to dismiss his claims without prejudice because he no longer has assistance from the legal writers program. According to Plaintiff, he has a learning disability and is unable to proceed on his own. The Court construes this pleading as an objection.

In addition, on December 3, 2009, the Court received the personal affidavit of Hassan Azzard Mohammed, who asserts that he was a legal writer at the Robert Cotton Correctional facility and was assisting Plaintiff. According to the affidavit, Mohammed was "laid in" from the legal writer assignment. He returned to work on November 4, 2009, but was unable to assist Plaintiff. See Doc. No. 80.

After considering Plaintiff's objection de novo, the Court adopts the R&R. Plaintiff has not challenged the analysis as to the merits of his claims; he merely asks that his law suit be dismissed without prejudice. The Court observes that Plaintiff's request for a dismissal without prejudice is governed by Rule 41(a)(2). It reads in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Further, a dismissal under the rule is

without prejudice unless the order states to the contrary. Id.

In assessing the merits of a request brought under the rule, a court must "protect the nonmovant from unfair treatment." Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.1994) (citations omitted). That protection is needed when the nonmovant will suffer "some plain legal prejudice other than the mere prospect of a second lawsuit." Id. In assessing whether "plain legal prejudice" is apt to occur, a court considers the following factors: (1) the amount of time, effort, and expense that the defendant has incurred in trial preparation; (2) any "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) the sufficiency of the plaintiff's explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. Id., 33 F.3d at 718 (citations omitted).

In this case, the factors do not favor a dismissal without prejudice. Not only have Defendants expended substantial resources in defending this case, a recommendation on the merits has been made. Because Oliver did respond to the summary judgment motion and had the assistance of a legal writer in doing so, his position was considered by the Magistrate Judge in rendering her recommendation. Therefore, although the second factor favors Oliver's request, he conscientiously prosecuted his claims, the Court finds that a dismissal without prejudice would result in plain legal prejudice to Defendants.

Accordingly, the Court **REJECTS** Plaintiff's objection, **ADOPTS** the Report and Recommendation, **GRANTS** Defendants' Motion for Summary Judgment, and **DISMISSES** the remaining Defendants.

**IT IS SO ORDERED.**

                        s/Marianne O. Battani
                        MARIANNE O. BATTANI
                        UNITED STATES DISTRICT JUDGE

DATE: January 12, 2010

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

                        s/Bernadette M. Thebolt
                        Case Manager